IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT S. PHILPOTT                                                                                        PLAINTIFF

        v.                              Civil No. 12-2205

PRESIDENT BARACK OBAMA;
and FORT SMITH POLICE DEPARTMENT,
as a whole and the Narcotics Office                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Robert S. Philpott (Philpott) filed this civil rights action under 42 U.S.C. § 1983. The cause of action was erroneously listed as a Freedom of Information Act case.

Philpott has filed an application to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

### Background

The allegations of the complaint are difficult to decipher. Philpott talks about the following topics in his complaint: a boat that was found with 200,000 children in it; pen register and trap and trace devices being used by Black people to organize having sex with women; the involvement on the Drug Enforcement Administration (DEA)in organizing having sex with women; the death of Racism after the 1960's; Arkansas being too focused on drugs to uphold any other laws; the pictures of missing girls being put on various types of media shows the Black people with the pen registers or trap and trace devices are using them to find the girls; being found by the Fort Smith Police Department with Carry Cancel a run away from the Department of Human Services; the police department, local narcotics

office, and the DEA getting young girls to start drinking vodka and later using marijuana and other narcotics so "they can pass the young girls around and take turns having sex with them;" and, the need for an investigation of these activities.

### Discussion

This case is subject to dismissal.  First, the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

Second, the President has absolute immunity from civil liability for his official acts.  *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982).   Furthermore, there is no allegation that the President of the United States was involved in the incidents alleged to have occurred in this case.

### Conclusion

For the reasons stated, I recommend the IFP motion be denied and the case be dismissed because it is frivolous and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**Philpott has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Philpott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of February 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE